IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

JOHN DOE, individually and on behalf of )
    others similarly situated )
)
v. ) NO. 3:04-0670
) JUDGE CAMPBELL
PHIL BREDESEN, Governor of the State )
    of Tennessee, et al. )

MEMORANDUM

Pending before the Court is Plaintiff's Motion for Attorney Fees and Costs (Docket No. 69), to which Defendants have filed a brief in opposition (Docket Nos. 73-74). For the reasons stated herein, Plaintiff's Motion is GRANTED, and Plaintiff is awarded a total of $13,866.00 against Defendants for attorney fees and costs.

Plaintiff filed this action to challenge the constitutionality of a state statute and sought and obtained a Temporary Restraining Order (Docket No. 24). The Court entered a Preliminary Injunction on August 19, 2004 (Docket No. 33). As amended, the Order enjoined Defendants from enforcing Tenn. Code Ann. § 40-39-211(a) against any sexual offender as defined in Tenn. Code Ann. § 40-39-202(15) who committed his or her crime prior to August 1, 2004, pending trial or further Order of the Court. Docket No. 48. On October 28, 2004, Defendants filed a Notice of Appeal of the Court's Amended Preliminary Injunction (Docket No. 57).

Subsequently, the Tennessee General Assembly passed a new statute to replace Tenn. Code Ann. § 40-39-211(a), effective August 1, 2005, and the Court granted Defendants' Motion to Dismiss this action as moot because no case or controversy any longer exists. Docket No. 68. Plaintiff has now moved for attorneys fees and costs. Docket No. 69. Defendants oppose Plaintiff's

Motion, arguing that Plaintiff is not a "prevailing party," entitled to an award of fees and costs. Docket Nos. 73-74.

With respect to a preliminary injunction, there is only prevailing party status if the injunction represents an "unambiguous indication of probable success on the merits, and not merely a maintenance of the status quo ordered because of the balance of equities greatly favors the plaintiff." Dubuc v. Green Oak Township, 312 F.3d 736, 753 (6th Cir. 2002); Sutton v. Evans, 845 F.Supp. 1192, 1197 (M.D. Tenn. 1994).

Here, the Court granted Plaintiff's Motion for Preliminary Injunction because it found Plaintiff likely to succeed on the merits of his claim that the statute at issue violated the Ex Post Facto Clause of the U.S. Constitution. The decision represented an unambiguous indication of probable success on the merits and not merely a maintenance of the status quo. Whether it was the catalyst for changing the statute or not, the Court finds that Plaintiff is a prevailing party.

The Court also finds that Plaintiff's counsel's hourly rate of $125 is reasonable, and the total time of 86.6 hours over the course of one year is reasonable as well. Plaintiff's request for expenses in the amount of $3,041.00 is reasonable.

Accordingly, Plaintiff's Motion for Attorney Fees and Costs (Docket No. 69) is GRANTED, and Plaintiff is awarded a total of $13, 866.00 against Defendants in this case.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

2

Case 3:04-cv-00670   Document 75   Filed 08/25/05   Page 2 of 2 PageID #: 40